IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GENERAL GRANT BELL,

    Petitioner,

v.                                             CASE NO. 5:07cv56-RS/AK

JAMES MCDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's petition for writ of habeas corpus. Doc. 1. Respondent has filed his response, Doc. 17, and Petitioner has filed a reply. Doc. 18. This matter is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner was convicted of several lesser included misdemeanor offenses and first-degree arson. He was sentenced to time served on the misdemeanors and to thirty years on the arson conviction as a prison releasee reoffender. Doc. 17, Ex. G. Petitioner directly appealed and filed a motion to correct sentencing error. The court denied the motion to correct, finding Petitioner's sentence was not grossly disproportionate to the crime. Doc. 17, Ex. J.

On direct appeal, Petitioner argued that there was insufficient evidence of an unlawful purpose, "essential to the arson conviction," and that the mandatory minimum thirty-year sentence was unconstitutionally excessive. Doc. 17, Ex. K. The conviction and sentence were per curiam affirmed without written opinion. Doc. 17, Ex. L.

Petitioner then filed a state court petition for writ of habeas corpus based on ineffective assistance of appellate counsel. The court denied the petition without written opinion. Doc. 17, Ex. O.

Petitioner next filed a motion for post-conviction relief and a supplement to that motion. Doc. 17, Ex. P & Q. In pertinent part, Petitioner charged: (1) that counsel was ineffective for failing to request a jury instruction on a lesser included offense for arson, criminal mischief, and (2) that his thirty-year sentence violated the Sixth Amendment.

The court granted Petitioner an evidentiary hearing on the ineffective assistance claim and ordered the State to respond to the sentencing claim. Doc. 17, Ex. T. At the evidentiary hearing, counsel testified that he chose not to request an instruction on any lesser included offenses of arson because "he felt the testimony the jury had heard would make it extremely difficult for him to argue the applicability of lessers without losing credibility with the jurors." Doc. 17, Ex. U. More specifically, he believed he could not credibly argue that the burned structure was not a dwelling (it was the marital home, and Ms. Bell and the children were living there) or that the property damaged solely belonged to another (Petitioner and his estranged wife owned the home together). Instead, he focused "on the theory that the cause of the fire was attributable to someone or something other than the defendant's intentional act." *Id*. Afterward, the court concluded that counsel's decision not to request an instruction on criminal mischief "was proper given the facts adduced at trial." *Id*.

Petitioner appealed, arguing, in relevant part, that the court erred in finding counsel was not ineffective regarding his failure to request a lesser included offense instruction on the arson charge and that the court erred in failing to consider the Sixth Amendment claim presented in the supplemental post-conviction motion. Doc. 17, Ex. X. The court of appeal summarily affirmed all of the issues addressed by the lower court but remanded the matter because the court had failed to "address an additional claim alleged in [the] supplemental motion, urging that the prison releassee reoffender statute is unconstitutional [because] it allows a sentence to be enhanced without factual findings by a jury...." *Bell v. State*, 941 So.2d 1263, 1263 (Fla. Dist. Ct. App. 2006).

On remand, the court found that Petitioner's sentence did not violate *Apprendi*. Doc. 17, Ex. BB. Petitioner did not appeal that ruling.

The instant petition followed. On this occasion, Petitioner raises four claims: (1) presentation of legally insufficient evidence essential to arson conviction "where Petitioner's property was the only property damaged," (2) ineffective assistance of counsel based on his failure to request an instruction on a lesser included offense for arson, (3) reversible error by trial court for failing to consider one of Petitioner's 3.850 claims, and (4) unconstitutional sentence for arson. Doc. 1. Each will be considered in turn.

## **DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 654, 166 L.Ed.

2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision.  *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).  Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation.  *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution.  *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982);  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).  This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations.  *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)).  To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process." *Id*. at 845.  In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim."  *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c).  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted).  However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

1.  Insufficient evidence.

As presented in the habeas petition, this claim argues only that the conviction for arson was "insufficient where Petitioner's property was the only properly damaged." Doc. 1.  In the reply, however, Petitioner maintains that he is contesting the sufficiency of the evidence to "show that [he] 'UNLAWFULLY' damaged his own, otherwise unoccupied house, which he owned with his wife and the mortgage holder." Doc. 18. This was the claim presented on direct appeal, and thus, the question is whether the state court's rejection of this claim was contrary to or an unreasonable application of clearly established Supreme Court precedent.

The constitutional issue which is implicated by this claim is that guaranteed by

the Fourteenth Amendment "that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof–defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson*, 443 U.S. at 319, or phrased slightly differently, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id*. at 320 (emphasis in original).

   The evidence at trial established that on the day in question, in violation of a temporary injunction against domestic violence, Petitioner went to the marital home where his estranged wife and their minor children were living.  After some time, Ms. Bell and the children fled the home, leaving Petitioner there alone.  Ms. Bell called the police, and when she and the police arrived at the marital home, they discovered that the house was smoking, and that Petitioner had left the scene.  Inside the home, the mattresses from the master and children's bedrooms, the sofa, and the love seat had been burned.  Some of Ms. Bell's clothes which had been in the master bedroom closet had also been ignited.  The smoke and heat damage to the home was extensive.  In a tape-recorded phone call from jail, Petitioner admitted to his wife that he set the fires because he did not want to lose her.

   Petitioner claims that this evidence was insufficient to show that the fires were set for an unlawful purpose, since there was no evidence of his "intent to defraud or physically harm anyone, or to damage anyone's property but his own...."  According to

him, he had paid for all of the items damaged in the fire, not his wife, and none of the property surrounding the home was damaged in the fire.  Doc. 18.

To prove this charge, the State had to present evidence that Petitioner damaged or caused to be damaged the structure **or** the contents by fire and that he did so unlawfully, i.e., "without a legitimate or lawful purpose."  *Berry v. State*, 566 So.2d 22, 24 (Fla. Dist. Ct. App. 1990); *see also State v. McBride*, 519 So.2d 716 (Fla. Dist. Ct. App. 1988) (where defendant "'torched'" only his own property, State must show injury to someone or damage to other property or intent to cause such injury or damage or danger of such injury or damage); *Lofton v. State*, 416 So. 2d 522 (Fla. Dist. Ct. App. 1982) (proof of evil intent is not required to support conviction for first-degree arson).

While there was no evidence that Petitioner set the fires with the intent to defraud an insurance company or the mortgage holder or physically to hurt anyone, there was sufficient record evidence reasonably to support a finding of guilt beyond a reasonable doubt on the charge of first-degree arson.  Taking the evidence in the light most favorable to the State, the Court cannot say that the jury acted unreasonably in concluding, for example, that Petitioner's act of setting his estranged  wife's clothes on fire was unlawful, i.e., without a legitimate or lawful purpose.  Even if damaging the house itself was not "unlawful," the jury was within its province to find that some of the contents damaged in the fire belonged to someone other than Petitioner and that he damaged them without legitimate reason.  *See State v. Harrington*, 782 505, 507 (Fla. Dist. Ct. App. 2001) (clothing being worn by woman set on fire qualified as "contents" of dwelling; if defendant "had gone to a closet and set fire to any of [decedent's] clothing hanging in the closet," there would be no question that clothing qualified as "contents").

The state court determination on this issue is therefore entitled to deference.

2.   Ineffective assistance of counsel.

Though there was sufficient evidence to shield the conviction from constitutional challenge, the next question is whether counsel acted ineffectively in failing to request a lesser included instruction. Because this claim raises the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it

matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel." *Id*. When the court "can conceive of a reasonable motivation for counsel's actions," it can deny the claim of ineffectiveness without evidentiary hearing. *Id*. "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*. Quite importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.  Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable.  *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

In this claim, Petitioner charges that counsel rendered ineffective assistance when he failed to request a lesser included offense instruction on the arson charge as he had on the other charges against Petitioner.  As noted, the state court rejected this identical claim after an evidentiary hearing, and that ruling is entitled to deference unless it is contrary to or an unreasonable application of *Strickland*.

During the hearing in state court, counsel acknowledged that he was aware of several lesser included offenses of arson, but he maintained that he could not credibly argue for their consideration by the jury (1) because of the jailhouse phone call in which

Petitioner did not deny setting the fires and (2) because of the defense that he pursued, i.e., either someone else had started the fires or Petitioner had accidentally started them when he threw out a cigarette butt. He also claimed that he "would have a hard time arguing that someone intentionally damaged someone's property and there wasn't a fire." Doc. 17, Ex. U.

While second-degree arson is a permissible lesser included offense of first-degree arson and it can be error not to give an instruction on second-degree arson when requested, it was not applicable in this case. Second-degree arson covers fire damage to other "structures" besides a "dwelling," which is covered under first-degree arson. There was no dispute that the fire occurred in the marital home where Ms. Bell and her children were living. If there had been a question as to whether the house was the family's "dwelling," then instruction on second-degree arson would have been appropriate. However, because neither the information nor the evidence supported a finding that the home was a non-residential, unoccupied structure, counsel did not act deficiently in failing to request a second-degree arson instruction. *See Moore v. State*, 932 So.2d 524, 528 (Fla. 1990).

Criminal mischief is also a lesser included offense of arson. It applies, however, "to damage done only to the property of another" and "does not apply to someone damaging their own property." *Id*. Thus, Petitioner's insistence now that the only property damaged in the fire belonged to him necessarily negates the availability of criminal mischief as a lesser included offense. *See id*. (court's refusal to give criminal mischief instruction was proper where defendant insisted that mobile home he set on fire belonged to him).

Counsel's suggestion at the hearing that he did not request a criminal mischief instruction because he "would have a hard time arguing that someone intentionally damaged someone's property and there wasn't a fire" does not make sense, as criminal mischief is indisputably a permissive lesser included offense of first-degree arson and would not have required counsel to argue that "there wasn't a fire." It would, however, have required him to argue that Petitioner "willfully and maliciously" damaged property belonging to another, which would have been inconsistent with arguing that the fire started through no fault of his client, which was the defense advanced, for example, during counsel's questioning of the arson investigator and in his closing argument. It must be remembered that the question is not whether, in hindsight, counsel erred in his choice of defense but whether his choice was a reasonable one. While it might have been more advantageous for counsel to have pursued a different defense (for example, Petitioner set the fires but he did so not out of malice or for any improper, illegitimate purpose but instead out of a misguided sense of love and trying to hold onto his wife and children), this is precisely the type of second-guessing which *Strickland* prohibits. Furthermore, though there is a possibility that the jury would have exercised its pardon power and found Petitioner guilty of criminal mischief if that option had been offered to it, the Court does not believe there is a reasonable probability that the jury would have chosen that avenue. The two counts for which lesser included offenses were offered hinged on Ms. Bell's credibility, which counsel attacked, suggesting that she consented to the sexual encounter with her husband and that he did not exhibit a knife to force her into having sex with him. The jury obviously accepted those suggestions and likewise questioned her credibility. The same cannot be said for the arson charge or its lesser

included offense, criminal mischief.  Petitioner did not take the stand, as was his constitutional right (given his criminal record, this was a reasonable decision), and thus, there was no credibility issue to resolve with regard to the arson count.

Therefore, the Court finds that the state court's decision on this ground was neither contrary to nor an unreasonable application of *Strickland*.

3. Failure of court to consider one of Petitioner's 3.850 claims.

This claim is patently without merit.  While it is true that the state court did not originally consider the Sixth Amendment claim advanced in Petitioner's supplemental 3.850 motion, it cannot be disputed that the error was addressed on appeal and subsequently rectified upon remand from the appellate court.  Thus, even if this claim raises a constitutional issue, it has no basis in fact.

4. Unconstitutional sentence for arson.

As previously noted, on remand from the court of appeal, Petitioner's Sixth Amendment claim was denied.  Petitioner did not appeal that decision.  It is therefore unexhausted, and Petitioner has not shown cause for his failure to appeal the decision or demonstrated that a failure to consider the claim will result in a fundamental miscarriage of justice.  The Supreme Court has not found either *Apprendi*, *Booker*, or *Blakely* to be retroactively applicable to cases on collateral review, and thus, no fundamental miscarriage of justice will result by this Court's refusal to consider the claim.  *See Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001).

**CONCLUSION**

Having carefully considered the claims raised in Petitioner's habeas petition, the Court respectfully **RECOMMENDS** that the petition, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 15th day of July, 2008.

S/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**